**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIAN DIXON, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| SIGILON THERAPEUTICS, INC., ERIC | ) | **LAWS** |
| SHAFF, ROBERT RUFFOLO, JR., | ) | |
| ROGERIO VIVALDI COELHO, JOHN | ) | JURY TRIAL DEMANDED |
| COX, KAVITA PATEL, DOUGLAS COLE, | ) | |
| and STEPHEN OESTERLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Brian Dixon ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Sigilon Therapeutics, Inc. ("Sigilon" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Eli Lilly and Company (Lilly").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

2.      On June 28, 2023, Sigilon entered into an Agreement and Plan of Merger ("Merger Agreement") with Lilly and Lilly's wholly owned subsidiary, Shenandoah Acquisition Corporation ("Purchaser").  The Merger Agreement provides that Lilly will acquire Sigilon in exchange for $14.92 in cash and one contingent value right per share (each a "CVR"), which represents the contractual right to receive up to three contingent payments for an aggregate of up to $111.64 per CVR, net to the stockholder in cash, upon the achievement of certain specified milestones related to a product comprising islet cells formulated for delivery with the Company's encapsulation technology, per share of Sigilon common stock, via a tender offer (the "Tender Offer").[2]

3.      The Company's corporate directors subsequently authorized the July 13R, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC.  The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4.      It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

---

[2] Purchaser commenced the Tender Offer on July 13, 2023.
[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on August 9, 2023.

material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of shares of Sigilon common stock.

10.     Defendant Sigilon is a Delaware corporation, with its principal executive offices located at 100 Binney Street, Suite 600, Cambridge, Massachusetts 02142.  Sigilon's shares trade on the Nasdaq Global Select Market under the ticker symbol "SGTX."  Sigilon is a preclinical stage biotechnology company that seeks to develop functional cures for patients with acute and chronic diseases by providing stable and durable levels of therapeutic molecules to patients.  The Company's Shielded Living Therapeutics ("SLTx") platform combines advanced cell differentiation and engineering techniques with innovations in biocompatible materials, potentially

3

enabling the Company's products to produce a wide range of functions or therapeutics molecules that may be missing or deficient in the body, including proteins, enzymes or other therapeutic molecules.  Sigilon's pipeline is currently focused on diabetes.

11.     Defendant Eric Shaff is and has been a director of the Company at all times relevant hereto.

12.     Defendant Robert Ruffolo, Jr., is and has been a director of the Company at all times relevant hereto.

13.     Defendant Rogerio Vivaldi Coelho is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

14.     Defendant John Cox is and has been a director of the Company at all times relevant hereto.

15.     Defendant Kavita Patel is and has been a director of the Company at all times relevant hereto.

16.     Defendant Douglas Cole is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

17.     Defendant Stephen Oesterle is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On June 29, 2023, Lilly and Sigilon jointly announced in relevant part:

INDIANAPOLIS and CAMBRIDGE, Mass., June 29, 2023 – Eli Lilly and Company (NYSE: LLY) and Sigilon Therapeutics, Inc. (Nasdaq: SGTX) today

4

announced a definitive agreement for Lilly to acquire Sigilon, a biopharmaceutical company that seeks to develop functional cures for patients with a broad range of acute and chronic diseases.

Since 2018, Lilly and Sigilon have worked together to develop encapsulated cell therapies, including SIG-002, for the treatment of type 1 diabetes. The goal of these therapies is to free patients from constant disease management by sensing blood glucose levels, restoring insulin production and releasing it over the long term.

"Despite significant advancement in treatment for people living with type 1 diabetes, many continue to live with a high disease burden every day," said Ruth Gimeno, Ph.D., group vice president, diabetes, obesity and cardiometabolic research at Lilly. "By combining Sigilon's talent and expertise in cell therapy with the knowledge and skills of Lilly's research and development teams, we will enhance opportunities to create innovative islet cell therapy solutions to improve the care of people living with diabetes."

"This agreement represents the culmination of the important work led by our research and development team to continue advancing SIG-002 at Lilly – the preeminent leader in the treatment of diabetes," said Rogerio Vivaldi, M.D., CEO of Sigilon. "As a person with type 1 diabetes and a treating physician, I am a passionate believer in the potential of SIG-002 and am very proud of our team's accomplishments in developing and optimizing this product candidate using our novel platform technology. With deep industry expertise, Lilly is well-positioned to apply its industry-leading clinical and technical capabilities to harness the full potential of SIG-002 for the benefit of patients and their caregivers."

**Terms of the Agreement**

Under the terms of the definitive agreement, Lilly will commence a tender offer to acquire all outstanding shares of Sigilon for a purchase price of $14.92 per share in cash (an aggregate of approximately $34.6 million) payable at closing, plus one non-tradeable contingent value right ("CVR") per share that entitles the holder to receive up to an additional $111.64 per share in cash, for a total potential consideration of up to $126.56 per share in cash without interest (an aggregate of up to approximately $309.6 million excluding shares held by Lilly).

CVR holders would become entitled to receive the following contingent payments: (i) $4.06 per share in cash, upon first dosing of a specified product in the first human clinical trial; (ii) $26.39 per share in cash, upon first dosing of a specified product in the first human clinical trial for registration purposes; and (iii) $81.19 per share in cash, upon receipt of the first regulatory approval of a specified product. There can be no assurance that any payments will be made with respect to the CVRs.

The transaction is not subject to any financing condition and is expected to close in the third quarter of 2023, subject to customary closing conditions, including that

Lilly owns a majority of the outstanding shares of Sigilon's common stock following the tender offer. Following the successful closing of the tender offer, Lilly will acquire any shares of Sigilon it does not already own through a second-step merger at the same consideration as paid in the tender offer. Sigilon's board of directors unanimously recommends that Sigilon's stockholders tender their shares in the tender offer.

Lilly will determine the accounting treatment of this transaction as a business combination or an asset acquisition, including any related acquired in-process research and development charges, according to Generally Accepted Accounting Principles (GAAP) upon closing. This transaction will thereafter be reflected in Lilly's financial results and financial guidance.

For Lilly, Morgan, Lewis & Bockius LLP is acting as legal counsel. For Sigilon, Lazard is acting as lead financial advisor and Ropes & Gray LLP is acting as legal counsel. Canaccord Genuity also acted as financial advisor to Sigilon.

**The Materially Incomplete and Misleading Solicitation Statement**

20.      The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on July 13, 2023.  The Solicitation Statement, which recommends that Sigilon stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Lazard Frères & Co. LLC ("Lazard"); and (c) potential conflicts of interest faced by Lazard and the Company's additional financial advisor, Canaccord Genuity LLC ("Canaccord").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21.      The Solicitation Statement fails to disclose material information concerning the financial projections for the Company, including the "wind-down" forecasts utilized by Lazard in connection with its fairness opinion.[4]

---

[4] *See* Solicitation Statement at 35.  The Solicitation Statement also fails to disclose the assumptions underlying the Company's risk-adjusted forecasts.  *See id.* at 39-40.

22.     The Solicitation Statement also fails to disclose the line items underlying the Company's forecasted EBIT and NOPAT.

*Material Misrepresentations and/or Omissions Concerning Lazard's Financial Analyses*

23.     The Solicitation Statement fails to disclose material information concerning Lazard's financial analyses.

24.     Specifically, with respect to the *Discounted Cash Flow Analysis – Wind-Down Scenario* performed by Lazard, the Solicitation Statement fails to disclose the unlevered, after-tax free cash flows for fiscal years 2023 through 2045 in a wind-down scenario, utilized by Lazard in the analysis.

*Material Misrepresentations and/or Omissions Concerning Lazard's and Canaccord's Potential Conflicts of Interest*

25.     The Solicitation Statement fails to disclose material information concerning Lazard's potential conflicts of interest.

26.     Specifically, the Solicitation Statement sets forth that "Lazard is currently providing certain financial advisory services to a company in which a fund managed by Flagship Ventures Fund V, L.P. has an investment[.]"[5] *Id.* at 38.  The Solicitation Statement, however, fails to quantify the fees Lazard expects to receive in connection with such services.

27.     The Solicitation Statement also fails to disclose material information concerning the potential conflicts of interest faced by Canaccord.

28.     For example, the Solicitation Statement fails to disclose: (i) whether Canaccord performed any financial analyses for the Company in connection with the Proposed Transaction and, if so, a summary thereof; (ii) a quantification of the fee Canaccord expects to receive in

_____

[5] Flagship Ventures Fund V, L.P. and its affiliates collectively hold approximately 32% of the Company's outstanding shares.

connection with its engagement, including any amount that is contingent upon closing of the Proposed Transaction; and (iii) whether Canaccord has performed any services for any parties to the Merger Agreement in the prior two years and, if so, the nature of the services performed and amount of compensation received.

29.     The omission of the above-referenced information renders statements in the "Certain Company Management Forecasts," "Opinion of the Financial Advisor to the Company Board" and "Background to the Offer" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

30.     Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Sigilon will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the
Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

31.     Plaintiff repeats all previous allegations as if set forth in full.

32.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Sigilon stockholders to tender their shares in the Tender Offer.

33.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35.    SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36.    Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37.    The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

38.    Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

39.    The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Sigilon, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40.     Plaintiff repeats all previous allegations as if set forth in full.

41.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Sigilon stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial projections for the Company, Lazard's financial analyses and potential conflicts of interest faced by Lazard and Canaccord.

43.     Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

44.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations
### of Section 20(a) of the Exchange Act

45.    Plaintiff repeats all previous allegations as if set forth in full.

46.    The Individual Defendants acted as controlling persons of Sigilon within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Sigilon, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Solicitation Statement.

49.    In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Solicitation Statement purports to describe the various issues and

information that they reviewed and considered—descriptions the Company directors had input into.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Sigilon stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Sigilon, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

12

E.       Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  July 21, 2023                                             **LONG LAW, PLLC**

By   */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*